UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Christopher K., | Case No. 22-cv-3080 (WMW/TNL) |
| Plaintiff, | |
| | **ORDER** |
| v. | |
| Martin J. O'Malley, *Commissioner of Social Security Administration*, | |
| Defendant. | |

---

This matter is before the Court on the parties' cross-motions for summary judgment. (Dkts. 9, 15.) For the reasons discussed below, the Court denies Plaintiff's motion and grants Defendant's motion.

## BACKGROUND

Plaintiff Christopher K.[1] filed applications for supplemental security income and disability insurance benefits on May 24, 2019. Admin. Rec. (Dkt. 6) at 293-94, 300-03. Plaintiff alleged that he became disabled and unable to work as of September 20, 2017, as a result of multiple sclerosis ("MS"), back fusion, depression, anxiety, and insomnia. *Id.* at 442.

For purposes of Social Security disability benefits, an individual is considered disabled if he is "unable to engage in any substantial gainful activity by reason of any

---

[1]     This District has adopted the policy of using only the first name and last initial of any nongovernmental parties in orders in Social Security matters.

medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). In addition, an individual is disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* § 1382c(a)(3)(B). "[A] physical or mental impairment is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *Id.* § 1382c(a)(3)(D).

The Commissioner has established a sequential, five-step evaluation process to determine whether an individual is disabled. 20 C.F.R. § 416.920(a)(4). At step one, the claimant must establish that he is not engaged in any "substantial gainful activity." *Id.* § 416.920(a)(4)(i). If that requirement is satisfied, the claimant must then establish that he has a severe medically determinable impairment or combination of impairments at step two. *Id.* § 416.920(a)(4)(ii). At step three, the Commissioner must find that the claimant is disabled, if the claimant satisfies the first two steps and the claimant's impairment meets or is medically equal to one of the listings in 20 C.F.R. Part 404, Subpart P, App'x 1. *Id.* § 416.920(a)(4)(iii). If the claimant's impairment does not meet or is not medically equal to one of the listings, the evaluation proceeds to step four. At step four, the claimant bears the burden of establishing his residual functional capacity ("RFC") and proving that he cannot perform any past relevant work. *Id.* § 416.920(a)(4)(iv); *Young v. Apfel*, 221 F.3d

1065, 1069 n.5 (8th Cir. 2000). If the claimant proves he is unable to perform any past relevant work, the burden shifts to the Commissioner to establish at step five that the claimant can perform other work existing in a significant number of jobs in the national economy. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If the claimant can perform such work, the Commissioner will find that the claimant is not disabled. 20 C.F.R. § 416.920(a)(4)(v).

Plaintiff's applications for benefits were denied initially and on reconsideration. Admin. Rec. at. 84, 85, 166, 167. In November 2021, an Administrative Law Judge ("ALJ") held a hearing on Plaintiff's applications. *Id.* at 41-65. Plaintiff was represented by an attorney and testified at this hearing. After the hearing, the ALJ determined that Plaintiff had two severe impairments: multiple sclerosis and degenerative disc disease, status post cervical fusion. *Id.* at 18. The ALJ found that neither impairment, either alone or in combination, met or medically equaled any listed impairments. *Id.* at 19. The ALJ determined that Plaintiff had the capacity for sedentary work with multiple physical restrictions. *Id.* at 19. Although this RFC meant that Plaintiff could not return to his previous employment as a saw operator or syrup maker, the ALJ found that there were jobs Plaintiff could perform in the national economy. *Id.* at 23-24. For this reason, the ALJ concluded that Plaintiff was not disabled. *Id.* at 25. The Appeals Council denied Plaintiff's request for review of the ALJ's decision, and this lawsuit followed. *See* 42 U.S.C. § 405(g) (providing for judicial review of final decisions of the Commissioner of the Social Security Administration).

**ANALYSIS**

The Court's review of the Commissioner's decision is limited to determining whether the decision is "supported by substantial evidence on the record as a whole." *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). "Substantial evidence . . . is more than a mere scintilla." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quotation omitted). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). This "threshold . . . is not high." *Id.* "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the [ALJ's] findings, the court must affirm the [ALJ's] decision." *Perks v. Astrue*, 687 F.3d 1086, 1091 (8th Cir. 2012) (quotation omitted).

Plaintiff challenges the ALJ's decision on two grounds, arguing that the ALJ drew unwarranted inferences from the medical records when evaluating Plaintiff's functioning and that the ALJ's RFC assessment does not account for all of Plaintiff's limitations.

**I.    Evidence of Functioning**

Plaintiff contends that the ALJ's evaluation of the medical evidence was erroneous because the ALJ interpreted comments that Plaintiff was "doing well" as indicating that Plaintiff was able to work. Plaintiff argues that the "doing well" comments by his medical providers meant only that Plaintiff was "doing well" for someone with multiple sclerosis.

The ALJ recognized that multiple sclerosis is a serious and incurable disease, finding Plaintiff's MS[2] to be a severe impairment despite record evidence that Plaintiff's MS was stable and caused him few symptoms. Admin. Rec. at 18, 20-22. The ALJ also properly noted that Plaintiff's medical records reflected little medical care for any of his alleged impairments after Plaintiff's cervical spine surgery in November 2017. *Id.* at 21. The ALJ found that the record as a whole did not support Plaintiff's claim that he "would be working but for his allegedly disabling impairments and limitations." *Id.* at 20.

The ALJ did not draw improper inferences from treatment notes stating that Plaintiff was "doing well," and the authority on which Plaintiff relies does not compel a different conclusion. In *Koch v. Kijakazi*, for example, the claimant consistently rated her pain as eight out of ten after an accident injured her back. 4 F.4th 656, 659, 664 (8th Cir. 2021). The consultative examiner found that the claimant could not walk without a walker, had a severely restricted range of motion, and her prognosis even after back surgery was "very poor." *Id.* at 660. Other examiners commented on her pain and inability to function. *Id.* Despite this, the ALJ highlighted the opinions of a single physician that the claimant's condition had improved since surgery and that the claimant was satisfied with her surgical outcome. *Id.* at 666. The physician did not comment on the claimant's ability to work or

---

[2] Plaintiff suffers from a form of MS known as "relapsing-remitting" MS. Relapsing-remitting MS is characterized by periods of symptoms that improve either partially or completely and are followed by periods of disease remission, often lasting months or years. https://www.mayoclinic.org/diseases-conditions/multiple-sclerosis/symptoms-causes/syc-20350269 (last visited Dec. 12, 2023) [*archived at*  https://perma.cc/N48R-REME].

compare her pre-surgery and post-surgery pain, but merely stated that she had improved. *Id.*

The Court of Appeals reversed a partial denial of disability benefits, finding that the ALJ improperly inferred that the claimant's satisfaction with her surgery "translated to a substantial decrease in pain [that enabled her] to resume work activity." *Id.* at 667. But "[i]mproved *symptoms* do not necessarily equate to improved *pain*." *Id.* at 665 (emphases in original). The appellate court found that the ALJ was required to formulate the RFC based on medical opinions about whether the claimant could work, and the medical evidence was overwhelming that she could not. *Id.* at 667.

By contrast, only a single treatment note in this record hints that Plaintiff is unable to work. In July 2019, Plaintiff's treating nurse practitioner described one of Plaintiff's symptoms as MS-caused fatigue and recommended that Plaintiff "[i]ncrease physical activity to at least 30 minutes of exercise daily." *Id.* at 594. Plaintiff contends that this treatment note shows that he was unable to be physically active for even 30 minutes a day. But even if this interpretation of the nurse practitioner's comment is correct, other evidence in the record shows that Plaintiff was not experiencing frequent disabling symptoms as a result of his MS. For example, in July 2018, after noting that Plaintiff was "doing quite well," Plaintiff's provider explained that Plaintiff had "[a]bsolutely no relapsing symptoms whatsoever. No numbness, no tingling, no vision changes." *Id.* at 595. There was no indication that Plaintiff complained of fatigue at this exam. *Id.* A December 2017 treatment note similarly stated that that Plaintiff had "[a]bsolutely no relapsing symptoms whatsoever" and was "doing quite well" as a result. *Id.* at 605. And in an examination

before his October 2017 neck surgery, Plaintiff denied experiencing fatigue. *Id.* at 611. The ALJ did not draw improper inferences from comments that Plaintiff was "doing well," and substantial evidence in the record as a whole supports the ALJ's determination that Plaintiff did not experience fatigue that would prevent him from performing work-related activities.

II. **RFC Determination**

Plaintiff also argues that the ALJ erred in formulating his RFC because the RFC does not consider Plaintiff's ability to sustain work activities over time. He asserts that, because his MS symptoms come and go, the RFC had to account for periods when Plaintiff experienced fatigue and other symptoms that would occasionally preclude his ability to function in a work setting.

Plaintiff's record citations, however, do not provide evidence that Plaintiff's symptoms would frequently or even occasionally prevent him from working. Plaintiff cites to three mental-health treatment notes, but two of these notes do not mention any physical symptoms, Admin. Rec. at 508, 518, and one states only that Plaintiff was experiencing unspecified "pain" but does not ascribe that pain to either his MS or his cervical disc disease, nor does the treatment note describe that pain as work-preclusive. *Id.* at 513. In another, a medical treatment note from August 2021, Plaintiff reported "an increase in muscle spasms at night" during hot and humid weather" and that he suffers from "[o]ther fatigue." *Id.* at 659. This note similarly did not contain any further discussion of these symptoms or indicate their effect on Plaintiff's functioning. And in July 2020, Plaintiff reported only "occasionally" experiencing "a weakness sensation in both legs," but

7

admitted that, while physical therapy helped with his leg weakness, he had "not been doing those exercises at home as much as he should be." *Id.* at 665.

The only other evidence in the record that Plaintiff experienced disabling symptoms was Plaintiff's testimony at the hearing. *Id.* at 50, 51, 56-57. But an "ALJ may disbelieve a claimant's subjective complaints . . . based on inconsistencies in the evidence in the record as a whole." *Fleshman v. Sullivan*, 933 F.2d 674, 675-76 (8th Cir. 1991). The record here does not support the extreme limitations to which Plaintiff testified. The RFC also accounts for multiple physical restrictions. Plaintiff's argument that the RFC should have included additional restrictions "amounts to a disagreement over the weighing of evidence within the record, and it is not this Court's role to reweigh that evidence." *Austin v. Kijakazi*, 52 F.4th 723, 731 (8th Cir. 2022) (quotation omitted). Substantial evidence supports the RFC, and Plaintiff's challenge to it fails.

## ORDER

Substantial evidence supports the ALJ's determination that Plaintiff is not disabled. Therefore, based on the foregoing analysis and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED**:

1. Defendant Martin J. O'Malley's motion for summary judgment, (Dkt. 15), is **GRANTED**.

2. Plaintiff Christopher K.'s motion for summary judgment, (Dkt. 9), is **DENIED**.

3. This matter is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 25, 2024                     s/ Wilhelmina M. Wright
                                            Wilhelmina M. Wright
                                            United States District Judge